THE LAW OFFICE OF JEFFREY G. JACOBS
JEFFREY G. JACOBS, ESQ. (SBN #205913)
15615 ALTON PARKWAY
SUITE 450
IRVINE, CALIFORNIA 92618-3105
TELEPHONE: (949) 280-9612
FASCIMILE: (949) 450-9368
EMAIL: jeff@jgjesq.com

Attorney for Plaintiff, NFLASH, INC. D/B/A OEMPCWORLD.COM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFLASH, INC., a California corporation, *doing business as* OEMPCWorld.com,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMNET TECHNOLOGY GROUP, a Puerto Rico corporation; LUIS B. RIEFKOHL, an individual,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**PLAINTIFF NFLASH, INC. D/B/A OEMPCWORLD.COM'S COMPLAINT FOR MONEY DAMAGES AGAINST DEFENDANTS COMNET TECHNOLOGY GROUP AND LUIS B. RIEFKOHL FOR:**<br>　1. **FRAUD BY CONCEALMENT; AND**<br>　2. **CONVERSION;**<br>　3. **LARCENY;**<br>　4. **UNJUST ENRICHMENT;**<br>　5. **IDENTIFY THEFT; AND**<br>　6. **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (CFAA)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR MONEY DAMAGES - 1

1  **COMES NOW** plaintiff NFLASH, INC., doing business as
2  OEMPCWorld.com ("Plaintiff"), by and through its undersigned counsel,
3  complains and alleges against defendant COMNET TECHNOLOGY GROUP
4  ("Defendant CTG") and its President, LUIS B. RIEFKOHL ("Defendant
5  Riefkohl"), as follows:

### THE PARTIES

1. Plaintiff OEMPCWorld is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Santa Clara County, California.

2. At all relevant times, Defendant CTG is a corporation organized and existing under the laws of Puerto Rico, with its principal place of business located at C-535 Vizcaya 3-10, Carolina, Puerto Rico 00985-2301.

3. At all relevant times, Defendant Riefkohl is an individual and the President of CTG, residing in 472 Green Vlge Avenue de Diego, #801a, San Juan, Puerto Rico. Defendant CTG and Defendant Riefkohl are hereinafter collectively referred to as the "Defendants."

4. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed and exists a unity of interest and ownership between Defendants CTG and Defendant Riefkohl such that any individuality and

separateness between them have ceased to exist, and CTG is the alter ego of Defendant Riefkohl.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Riefkohl has completely dominated, controlled, and operated CTG as his personal business conduit and instrumentality, and has used CTG's corporate structure to perpetrate fraud and other wrongful acts.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Riefkohl has commingled funds and other assets of CTG with his own personal assets, has diverted corporate funds to his own personal use, has inadequately capitalized CTG, has failed to observe corporate formalities, and has disregarded legal distinctions between himself and the corporate entity.

7. Plaintiff is informed and believes, and thereon alleges, that adherence to the fiction of the separate existence of CTG as an entity distinct from Defendant Riefkohl would permit an abuse of the corporate privilege and would sanction fraud and promote injustice, in that Defendant Riefkohl has used the corporate entity to shield himself from personal liability for his wrongful acts, including the fraudulent exploitation of Plaintiff's United Parcel Service business shipping account.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant Riefkohl has used CTG to unlawfully exploit Plaintiff's UPS business shipping

account to fraudulently transport computers and related products from various CTG vendors to CTG's facility, resulting in substantial sums being unlawfully charged to Plaintiff's UPS account.

9.  Plaintiff is informed and believes, and thereon alleges, that Defendant Riefkohl personally directed and orchestrated the fraudulent scheme, knowingly using Plaintiff's UPS account without authorization, and that such actions were taken for Defendant Riefkohl's personal benefit and gain.

10. Plaintiff is informed and believes, and thereon alleges, that recognizing the corporate entity of CTG as distinct from Defendant Riefkohl would permit an abuse of the corporate privilege, promote injustice, and sanction fraud, in that Defendant Riefkohl has used CTG to shield himself from personal liability for his wrongful conduct.

11. Therefore, Plaintiff requests that this Court disregard the corporate entity of CTG and hold Defendant Riefkohl personally liable for the debts and obligations incurred by CTG as a result of the fraudulent conduct alleged herein.

## JURISDICTION AND VENUE

12. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of a different state from Defendants, and each of them, and because the value of the matter in controversy exceeds $75,000.00.

COMPLAINT FOR MONEY DAMAGES - 4

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in the United States District Court for the Northern District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. Since at least 2021, and possibly as far back as 2018, to 2023, Defendants unlawfully exploited Plaintiff's United Parcel Service ("UPS") business shipping account to fraudulently transport computers and related products from various CTG vendors to CTG's facility.

15. Defendants' actions resulted in substantial sums being unlawfully charged to Plaintiff's UPS account, amounting to over $75,000.00 in unauthorized charges.

16. Defendants executed this scheme without Plaintiff's knowledge or authorization, using fraudulent means to exploit the UPS account.

17. Within the last year, Plaintiff discovered Defendants fraudulent use of its UPS account upon reviewing shipping invoices and charges that were inconsistent with its legitimate business operations.

18. In or about January 2024, upon confronting Defendants about their intentional thievery, they admitted to it, promised to reimburse Plaintiff, however, they never compensated Plaintiff.

///

## FIRST CAUSE OF ACTION
### (Against Defendant CTG and Defendant Riefkohl for Fraud by Concealment)

19. Plaintiff incorporates with the same force and effect paragraphs 1 through 18, inclusive, as if said forth in full.

20. Defendants, through their deceptive actions, intentionally misrepresented and concealed the unauthorized use of Plaintiff's UPS account to obtain an unlawful financial benefit.

21. Plaintiff reasonably relied on the security and integrity of its UPS account and suffered financial damages as a direct result of Defendants' fraudulent conduct.

22. As a result of said fraud, Plaintiff has suffered and continues to suffer monetary damages, together with interest, the exact amount of which will be proven at trial, but not less than Seventy-Five Thousand Dollars ($75,000.00) plus interest and other costs incurred in any legal action, in addition to any other relief Plaintiff may be deemed entitled.

## SECOND CAUSE OF ACTION
### (Against Defendant CTG and Defendant Riefkohl and for Conversion)

23. Plaintiff incorporates with the same force and effect paragraphs 1 through 22, inclusive, as if said forth in full.

24. Defendants, and each of them, wrongfully exercised dominion and control over Plaintiff's UPS account, thereby depriving Plaintiff of its property rights and causing financial harm, all to their ill-gotten gain.

25. Each of these actions, which are non-exhaustive of Defendant's misdeeds, constitutes a separate and independent basis for liability hereunder.

26. Plaintiff did not and does not consent to Defendants wrongful exercise over control of Plaintiff's property.

27. As a direct and proximate result of Defendants wrongful exercise over control of Plaintiff's property, Plaintiff has suffered damages in an amount to be proven at trial.

28. Defendants aforementioned conduct was oppressive, malicious, and fraudulent, thereby justifying an award of exemplary and punitive damages against Defendants, and each of them, in an amount sufficient to punish Defendants and deter future conduct of this type.

29. Defendants actions have caused, and continue to cause, Plaintiff irreparable injury, and Plaintiff cannot be made whole by money damages alone. An injunction prohibiting Defendants from further using or disclosing Plaintiff's UPS account as alleged hereinabove.

///

///

## THIRD CAUSE OF ACTION
### (Against Defendant CTG and Defendant Riefkohl for Larceny)

29. Plaintiff incorporates with the same force and effect paragraphs 1 through 29, inclusive, as if said forth in full.

30. Defendants unlawfully took Plaintiff's property (i.e., the UPS account funds) with the intent to permanently deprive Plaintiff of its use and benefit.

31. As a direct and proximate result of Defendants wrongful exercise over control of Plaintiff's property, Plaintiff has suffered damages in an amount to be proven at trial.

32. Defendants aforementioned conduct was oppressive, malicious, and fraudulent, thereby justifying an award of exemplary and punitive damages against Defendants, and each of them, in an amount sufficient to punish Defendants and deter future conduct of this type.

33. Defendants actions have caused, and continue to cause, Plaintiff irreparable injury, and Plaintiff cannot be made whole by money damages alone. An injunction prohibiting Defendants from further using or disclosing Plaintiff's UPS account as alleged hereinabove.

## FOURTH CAUSE OF ACTION
### (Against Defendant CTG and Defendant Riefkohl for Unjust Enrichment)

34. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 33 as though fully set forth herein.

35. Defendants have been unjustly enriched at Plaintiff's expense by retaining the benefits of the unauthorized shipments without compensating Plaintiff.

36. Plaintiff conferred a benefit upon Defendants, without knowledge of the unlawful or deceptive pattern and practice he engaged as alleged hereinabove.

37. Accordingly, Plaintiff is entitled to and hereby seeks, disgorgement and restitution of Defendants payments and benefits, in a manner established by the Court and available under applicable law.

38. Plaintiff is entitled to the imposition of a constructive trust upon Defendants that each of them enrichment, benefit and ill-gotten gain may be allocated and distributed equitably by the Court to and/or for the benefit of Plaintiff.

### FIFTH CAUSE OF ACTION
**(Against Defendant CTG and Defendant Riefkohl for Violation of California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502)**

39. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 38 as though fully set forth herein.

40. Defendants used Plaintiff's business identity to commit unauthorized transactions, resulting in significant financial losses for Plaintiff.

42. Defendants' actions caused Plaintiff to incur losses and damages, including, among other things, the expenditure of resources to investigate and

remediate Defendants' conduct, damage to Plaintiffs' reputation, and damage to the relationships and goodwill between Plaintiffs and UPS. Plaintiff has been damaged in an amount to be proven at trial.

43. Because Plaintiffs suffered damages and a loss as a result of Defendants' actions and continue to suffer damages as result of Defendants' actions, Plaintiffs are entitled to compensatory damages, attorneys' fees, and any other amount of damages to be proven at trial, as well as injunctive relief under California Penal Code §§ 502(e)(1) and (2).

44. Because Defendants willfully violated California Penal Code § 502, and there is clear and convincing evidence that Defendants acted with malice and oppression and committed "fraud" as defined by section 3294 of the Civil Code, Plaintiffs are entitled to punitive and exemplary damages under California Penal Code § 502(e)(4).

### SIXTH CAUSE OF ACTION
### (Against Defendant CTG and Defendant Riefkohl
### for Violation of the Computer Fraud and Abuse Act (CFAA))

41. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is informed and believes, and based thereon alleges that at various times between January 1, 2021, and December 31, 2023, Defendants

accessed, used, or caused to be accessed or used Plaintiffs' computer servers to steal its subject UPS account number.

43. Plaintiff's signaling servers and relay servers containing its UPS account were "computers" as defined by 18 U.S.C. § 1030(e)(1), were "protected computers" as defined by 18 U.S.C. § 1030(e)(2)(B) because they are "used in or affecting interstate or foreign commerce or communication."

44. Defendants violated 18 U.S.C. § 1030(a)(2) because they intentionally accessed and caused to be accessed (a) Plaintiffs' computers, and (b) its UPS account number(s), without authorization and, on information and belief, obtained data from Plaintiff's UPS account stored on its computer.

45. Defendants, and each of them, knowingly and with intent to defraud accessed Plaintiff's UPS account without authorization, causing damages in excess of $5,000 in a one-year period, in violation of 18 U.S.C. § 1030.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial, but no less than $75,000.00;

2. For punitive damages in an amount sufficient to punish Defendants for their fraudulent conduct and to deter similar future conduct;

    3.    For restitution to Plaintiff of all amounts by which Defendants have been unjustly enriched;

    4.    For pre- and post-judgment interest at the maximum legal rate;

    5.    For attorneys' fees and costs of suit incurred herein; and

    6.    For such other and further relief as the Court may deem just and proper.

DATED:  JUNE 5, 2024    THE LAW OFFICES OF JEFFREY G. JACOBS

By:_____
    JEFFREY G. JACOBS
Attorneys for Plaintiff, NFLASH, INC.
D/B/A OEMPCWORLD.COM