UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFLASH, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMNET TECHNOLOGY GROUP, et al., <br><br> Defendants. | Case No. 24-cv-03634-PCP <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

NFlash, Inc. filed this action on June 17, 2024. On December 16, 2024, NFlash notified the Court that it had not yet been able to serve the defendant. *See* Dkt. No. 10. NFlash has made no further filings since that notice.

The Court set an Initial Case Management Conference for March 4, 2025. The parties failed to file a case management statement by the February 18, 2025 deadline. *See* Dkt. No. 14. The Court therefore ordered the parties to submit their case management statement by no later than February 25, 2025. *See* Dkt. No. 15. The parties again failed to file any case management statement. The Court then ordered plaintiff to show cause by no later than March 19, 2025, why this action should not be dismissed for failure to prosecute. *See* Dkt. No. 16. Plaintiff has not responded to the order to show cause.

Pursuant to Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). Plaintiff has violated this Court's order by failing to respond to the order to show cause. Nonetheless, before dismissing a case for failure to prosecute, the court must weigh the following factors:

(1) "the public's interest in expeditious resolution of litigation";

1         (2) "the court's need to manage its docket";

2         (3) "the risk of prejudice to the defendant[ ]";

3         (4) "the availability of less drastic sanctions"; and

4         (5) "the public policy favoring disposition of cases [on] their merits".

*Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In this case, nearly all of these factors favor dismissing this action without prejudice for failure to prosecute.

      The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to the Court's order to show cause, plaintiff has delayed adjudication of this action such that these factors weigh in favor of dismissal.

      While "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal" under the third factor, the delay caused by plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.").

      The fourth factor—the availability of less drastic sanctions—also weighs in favor of removal because the Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving plaintiff an opportunity to explain the failure to prosecute. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent" by explaining that the Court was contemplating dismissing the case for failure to prosecute in its show cause order. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that [ ] failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."). The Court exercises its discretion to dismiss this action without prejudice so as to lessen the sanction imposed.

2

The final factor—the policy favoring disposition on the merits—weighs against dismissal but its weight is minimal given that resolution on the merits is not possible without plaintiff's participation.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court dismisses this action without prejudice based on plaintiff's failure to respond to this Court's order to show cause.

**IT IS SO ORDERED.**

Dated: March 31, 2025

P. Casey Pitts
United States District Judge

3